# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. _____

(To be supplied by the court)

**MAR 27 2020**

JEFFREY P. COLWELL
CLERK

_____

DAVID ROBERT GRAY II        Plaintiff

v.

STATE OF COLORADO        Governor and Jared S. Polis et al (see attached list),

Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## PRISONER COMPLAINT

---

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |
| **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

David Robert Gray II
CDOC No. 171740
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

---

(Name, prisoner identification number, and complete mailing address)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee
____ Civilly committed detainee
____ Immigration detainee
_X_ Convicted and sentenced state prisoner
____ Convicted and sentenced federal prisoner
____ Other: *(Please explain)* _____

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   STATE OF COLORADO GOVERNOR and
Jared S. Polis
200 E. Colfax-Room 136
Denver, CO 80203
(303) 866-2471

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No *(check one)*. See enclosed.

Defendant 1 is being sued in his _X_ individual and/or _X_ official capacity.

Defendant 2:   STATE OF COLORADO ATTORNEY GENERAL and
Philip J. Weiser
1300 Broadway-Tenth Floor
Denver, CO 80203
(720) 508-6001

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No *(check one)*. See enclosed.

Defendant 2 is being sued in his _X_ individual and/or _X_ official capacity.

Defendant 3:   STATE OF COLORADO PAROLE BOARD and
Chairperson Kristen Hilkey
1600 W. 24th Street-Bldg 54
Pueblo, CO 81003
(719) 583-5800

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No *(check one)*. See enclosed.

Defendant 3 is being sued in her _X_ individual and/or _X_ official capacity.

Defendant 4:   STATE OF COLORADO PAROLE BOARD and
Board Member Denise Balazic
1600 W. 24th Street-Bldg 54
Pueblo, CO 81003
(719) 583-5800

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  See enclosed.

Defendant 4 is being sued in her _X_ individual and/or _X_ official capacity.

Defendant 5:   STATE OF COLORADO PAROLE BOARD and
Board Member Brandon Mathews
1600 W. 24th Street-Bldg 54
Pueblo, CO 81003
(719) 583-5800

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  See enclosed.

Defendant 5 is being sued in his _X_ individual and/or _X_ official capacity.

Defendant 6:   STATE OF COLORADO and
Jefferson County DA Peter Weir
500 Jefferson County Parkway
Golden, CO 80401
(303) 271-6800

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  See enclosed.

Defendant 6 is being sued in her _X_ individual and/or _X_ official capacity.

Defendant 7:   CANDACE WERTH
Former Jefferson County DA
500 Jefferson County Parkway
Golden, CO 80401
(303) 271-6800

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  See enclosed.

Defendant 7 is being sued in her _X_ individual and/or _X_ official capacity

Defendant 8:   DANIEL W. CARR
               Criminal Defense Attorney
               455 Sherman Street-Suite 300
               Denver, CO 80203
               (303) 777-3737

               At the time the claim(s) in this complaint arose, was this defendant acting under color
               of state or federal law?  _X_ Yes ___ No (*check one*).  See enclosed.

               Defendant 8 is being sued in his _X_ individual and/or _X_ official capacity.

Defendant 9:   SARAH GRAY MERVAK
               6448 South Hudson Street
               Centennial, CO 80121
               (303) 888-1868

               At the time the claim(s) in this complaint arose, was this defendant acting under color
               of state or federal law?  _X_ Yes ___ No (*check one*).  See enclosed.

               Defendant 9 is being sued in her _X_ individual and/or _X_ official capacity.

Defendant 10:  SIDNEY GRAY KURTZ
               2357 Columbine Lane #50
               Evergreen, CO 80439
               (303) 695-3800

               At the time the claim(s) in this complaint arose, was this defendant acting under color
               of state or federal law?  _X_ Yes ___ No (*check one*).  See enclosed.

               Defendant 10 is being sued in her _X_ individual and/or _X_ official capacity.

Defendant 11:  TIMONTHY KURTZ
               2357 Columbine Lane #50
               Evergreen, CO 80439
               (303) 695-3800

               At the time the claim(s) in this complaint arose, was this defendant acting under color
               of state or federal law?  _X_ Yes ___ No (*check one*).  See enclosed.

               Defendant 11 is being sued in his _X_ individual and/or _X_ official capacity.

## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_X_   42 U.S.C. § 1983          Civil Rights

_X_   42 U.S.C. § 1985          Civil Rights Conspiracy

_X_   42 U.S.C. § 1986          Failure to Act or Intervene

_X_   42 U.S.C. § 1988          Attorney Fees

_X_   42 U.S.C. § 12101 et seq   American with Disabilities Act


## D.   STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*


CLAIM ONE:          FRAUD

Supporting Facts:   Swedish Hospital records for David Robert Gray II
                    Vayann D. Gray will, power of attorney and broker agreement
                    Discovery in Jefferson County District Court Case No. 2015CR978

CLAIM TWO:          LEGAL MALPRACTICE

Supporting Facts:   Swedish Hospital records for David Robert Gray II
                    Vayann D. Gray will, power of attorney and broker agreement
                    Discovery in Jefferson County District Court Case No. 2015CR978

CLAIM THREE:        MALICIOUS PROSECUTION

Supporting Facts:   Swedish Hospital records for David Robert Gray II
                    Vayann D. Gray will, power of attorney and broker agreement
                    Discovery in Jefferson County District Court Case No. 2015CR978

CLAIM FOUR:          INEFFECTIVE ASSISTANCE OF COUNSEL

Supporting Facts:    Swedish Hospital records for David Robert Gray II
                     Vayann D. Gray will, power of attorney and broker agreement
                     Discovery in Jefferson County District Court Case No. 2015CR978

CLAIM FIVE:          FAILURE TO ACT OR INTERVENE

Supporting Facts:    Swedish Hospital records for David Robert Gray II
                     Vayann D. Gray will, power of attorney and broker agreement
                     Discovery in Jefferson County District Court Case No. 2015CR978

CLAIM FIVE:          DISCRIMINATION OF AN INDIVIDUAL WITH A DISABILITY

Supporting Facts:    Swedish Hospital records for David Robert Gray II
                     Vayann D. Gray will, power of attorney and broker agreement
                     Discovery in Jefferson County District Court Case No. 2015CR978

CLAIM SIX:           CONSPIRACY TO HARM PLAINTIFF

Supporting Facts:    Swedish Hospital records for David Robert Gray II
                     Vayann D. Gray will, power of attorney and broker agreement
                     Discovery in Jefferson County District Court Case No. 2015CR978

## STATEMENT OF THE CASE

This is an American with Disabilities Act (ADA) discrimination, legal malpractice, fraud, abuse of power, ineffective assistance of counsel, obstruction of justice and civil rights conspiracy complaint filed by David Robert Gray II. The Plaintiff is a pro se, indigent and qualified individual with a disability that is incarcerated at the Sterling Correctional Facility. This civil action is pursuant to 42 U.S.C § 1983, 42 U.S.C § 1985, 42 U.S.C § 1986, 42 U.S.C § 1988 and 42 U.S.C § 12101 et seq.

Plaintiff is a 66 year old professional financial advisor who was first diagnosed with Parkinson's Disease in 2011. Plaintiff had been his mother's power of attorney since 1996 and, as the "primogeniture son", was also the primary beneficiary in his mother's will. Plaintiff managed all of his mother's financial affairs and was her registered "financial advisor". This close relationship was a major source of family friction and sibling jealousy for years. The Plaintiff had no prior criminal history at the time of the fraudulent allegations that led to his incarceration in 2016.

The Jefferson County DA and Plaintiff's own attorney entered into a course of mutually agreed upon conduct during which they actively conspired to take full advantage of the Plaintiff's diminished medical, physical and mental health. They concealed their personal relationship from the Plaintiff and failed to report this extreme "conflict of interest" to the court depriving Plaintiff of his right to effective and conflict free defense counsel. In furtherance of their conspiracy, they also concealed the Plaintiff's undisputable fiduciary authority for his mother's assets as well as Plaintiff's medical records from Swedish Hospital and Plaintiff's diagnosis for Parkinson's Disease from the court thus depriving Plaintiff of his rights to due process. Plaintiff was subsequently "coerced" into changing his original plea of "not guilty" to "guilty" based on a promise of probation. This fraudulent promise resulted in an 8 year sentence at the Colorado Department of Corrections.

Plaintiff's personal, business and financial records clearly show that Plaintiff had an undisputable legal and financial authority to manage his mother's assets. However, Defendant's Mervak and Kurtz entered into a course of mutually agreed upon course of conduct to perpetrate a fraud on the Plaintiff for personal gain. Defendants Werth and Carr also entered into a mutually agreed upon course of conduct to perpetrate a fraud on the court for their own person and professional gain in this matter.

The Defendants in this action have continued a course of mutually agreed upon course of conduct in furtherance of the conspiracy to harm Plaintiff during two Parole Board Hearings. Although Plaintiff meets or exceeds the Parole Board Guidelines in C.R.S. 17-22.5-401/403/404, Plaintiff has now been denied parole twice by Defendants Hilkey, Balazic and Mathews. Defendants have completely ignored the statutory guidelines and Plaintiff's low risk assessment scores from the Department of Corrections in an active and ongoing mutually agreed upon course of conduct with Defendant's Kurtz and Mervak to deny and/or defer Plaintiff's parole year after year after year.

Plaintiff therefore seeks declaratory and injunctive relief from the court to prevent this type of perverse justice from happening to others who are similarly situated with severe medical, physical and mental health disabilities. Plaintiff seeks the return of all his personal and business assets sold, lost or illegally transferred to Defendant's Kurtz and/or Mervak. Plaintiff also seeks compensatory damages and other relief that the court finds appropriate for the legal malpractice and professional misconduct by the Jefferson County DA and Plaintiff's own attorney in this matter. This egregious travesty of justice cannot be ignored ay longer as the deprivation of Plaintiff's rights accrue daily.

## STATEMENT OF DEFENDANT'S PERSONAL INVOLVEMENT

Defendant No. 1 (State of Colorado Governor and Jared S. Polis)

1.  Plaintiff alleges Defendant Polis failed to provide supervisory oversight for the Parole Board to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant failed to provide supervisory oversight of the Jefferson County District Attorney's Office to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the State of Colorado Parole Board. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the Jefferson County District Attorney's Office. Plaintiff alleges Defendant knew, or should have known about the fraud perpetrated on the Jefferson County District Court, Plaintiff and People of Colorado by former Jefferson County DA Candace Werth and criminal defense attorney Daniel Carr. Plaintiff alleges that Defendant failed to act or intervene in furtherance of a mutually agreed upon course of conduct to harm a qualified individual with a disability.

2.  Defendant knew or should have known about Plaintiff's discrimination immediately after Plaintiff's Parole Board hearing in December 2019.

3.  Defendant's actions have caused Plaintiff illegal incarceration, loss of property, lack of medical treatment and substantial emotional harm.

4.  Defendant's actions in this matter violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 12101 et seq.

5.  The supporting facts include Swedish Hospital Records, Power of Attorney, Broker Agreement and Discovery in Jefferson County District Court Case No. 2015CR978.

6.  Plaintiff requests immediate release from CDOC, return of personal, real and business property, declaratory relief, injunctive relief, attorney fees, compensatory and punitive damages.

Defendant No. 2 (State of Colorado Attorney General and Philip J. Weiser)

1.  Plaintiff alleges Defendant Weiser failed to provide supervisory oversight for the Parole Board to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant failed to provide supervisory oversight of the Jefferson County District Attorney's Office to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the State of Colorado Parole Board. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the Jefferson County District Attorney's Office. Plaintiff alleges Defendant knew, or should have known about the fraud perpetrated on the Jefferson County District Court, Plaintiff and People of Colorado by former Jefferson County DA Candace Werth and criminal defense attorney Daniel Carr. Plaintiff alleges that Defendant failed to act or intervene in furtherance of a mutually agreed upon course of conduct to harm a qualified individual with a disability.

2.  Defendant knew or should have known about Plaintiff's discrimination immediately after Plaintiff's Parole Board hearing in December 2019.

3.  Defendant's actions have caused Plaintiff illegal incarceration, loss of property, lack of medical treatment and substantial emotional harm.

4.  Defendant's actions in this matter violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 12101 et seq.

5.  The supporting facts include Swedish Hospital Records, Power of Attorney, Broker Agreement and Discovery in Jefferson County District Court Case No. 2015CR978.

6.  Plaintiff requests immediate release from CDOC, return of personal, real and business property, declaratory relief, injunctive relief, attorney fees, compensatory and punitive damages.

Defendant No. 3 (State of Colorado Parole Board and Chairperson Kristen Hilkey)

1. Plaintiff alleges Defendant Hilkey failed to provide supervisory oversight for the Parole Board to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant failed to provide supervisory oversight of the Jefferson County District Attorney's Office to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the State of Colorado Parole Board. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the Jefferson County District Attorney's Office. Plaintiff alleges Defendant knew, or should have known about the fraud perpetrated on the Jefferson County District Court, Plaintiff and People of Colorado by former Jefferson County DA Candace Werth and criminal defense attorney Daniel Carr. Plaintiff alleges that Defendant failed to act or intervene in furtherance of a mutually agreed upon course of conduct to harm a qualified individual with a disability.

2. Defendant knew or should have known about Plaintiff's discrimination immediately after Plaintiff's Parole Board hearing in December 2019.

3. Defendant's actions have caused Plaintiff illegal incarceration, loss of property, lack of medical treatment and substantial emotional harm.

4. Defendant's actions in this matter violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 12101 et seq.

5. The supporting facts include Swedish Hospital Records, Power of Attorney, Broker Agreement and Discovery in Jefferson County District Court Case No. 2015CR978.

6. Plaintiff requests immediate release from CDOC, return of personal, real and business property, declaratory relief, injunctive relief, attorney fees, compensatory and punitive damages.

Defendant No. 4 (State of Colorado Parole Board and Board Member Denise Balazic)

1. Plaintiff alleges Defendant Balazic failed to follow the statutory guidelines for the Plaintiff's Parole Board Hearing to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant failed to provide supervisory oversight of the Jefferson County District Attorney's Office to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the State of Colorado Parole Board. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the Jefferson County District Attorney's Office. Plaintiff alleges Defendant knew, or should have known about the fraud perpetrated on the Jefferson County District Court, Plaintiff and People of Colorado by former Jefferson County DA Candace Werth and criminal defense attorney Daniel Carr. Plaintiff alleges that Defendant failed to act or intervene in furtherance of a mutually agreed upon course of conduct to harm a qualified individual with a disability.

2. Defendant knew or should have known about Plaintiff's discrimination immediately after Plaintiff's Parole Board hearing in December 2019.

3. Defendant's actions have caused Plaintiff illegal incarceration, loss of property, lack of medical treatment and substantial emotional harm.

4. Defendant's actions in this matter violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 12101 et seq.

5. The supporting facts include Swedish Hospital Records, Power of Attorney, Broker Agreement and Discovery in Jefferson County District Court Case No. 2015CR978.

6. Plaintiff requests immediate release from CDOC, return of personal, real and business property, declaratory relief, injunctive relief, attorney fees, compensatory and punitive damages.

Defendant No. 5 (State of Colorado Parole Board and Board Member Brandon Matthews)

1. Plaintiff alleges Defendant Matthews failed to follow the statutory guidelines for the Plaintiff's Parole Board to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant failed to provide supervisory oversight of the Jefferson County District Attorney's Office to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the State of Colorado Parole Board. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the Jefferson County District Attorney's Office. Plaintiff alleges Defendant knew, or should have known about the fraud perpetrated on the Jefferson County District Court, Plaintiff and People of Colorado by former Jefferson County DA Candace Werth and criminal defense attorney Daniel Carr. Plaintiff alleges that Defendant failed to act or intervene in furtherance of a mutually agreed upon course of conduct to harm a qualified individual with a disability.

2. Defendant knew or should have known about Plaintiff's discrimination immediately after Plaintiff's Parole Board hearing in December 2019.

3. Defendant's actions have caused Plaintiff illegal incarceration, loss of property, lack of medical treatment and substantial emotional harm.

4. Defendant's actions in this matter violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 12101 et seq.

5. The supporting facts include Swedish Hospital Records, Power of Attorney, Broker Agreement and Discovery in Jefferson County District Court Case No. 2015CR978.

6. Plaintiff requests immediate release from CDOC, return of personal, real and business property, declaratory relief, injunctive relief, attorney fees, compensatory and punitive damages.

Defendant No. 6 (State of Colorado and Jefferson County DA Peter Weir)

1. Plaintiff alleges Defendant Weir failed to provide supervisory oversight for the Plaintiff's criminal case to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant failed to provide supervisory oversight of the Jefferson County District Attorney's Office to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the State of Colorado Parole Board. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the Jefferson County District Attorney's Office. Plaintiff alleges Defendant knew, or should have known about the fraud perpetrated on the Jefferson County District Court, Plaintiff and People of Colorado by former Jefferson County DA Candace Werth and criminal defense attorney Daniel Carr. Plaintiff alleges that Defendant failed to act or intervene in furtherance of a mutually agreed upon course of conduct to harm a qualified individual with a disability.

2. Defendant knew or should have known about Plaintiff's discrimination immediately after Plaintiff's Parole Board hearing in December 2019.

3. Defendant's actions have caused Plaintiff illegal incarceration, loss of property, lack of medical treatment and substantial emotional harm.

4. Defendant's actions in this matter violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 12101 et seq.

5. The supporting facts include Swedish Hospital Records, Power of Attorney, Broker Agreement and Discovery in Jefferson County District Court Case No. 2015CR978.

6. Plaintiff requests immediate release from CDOC, return of personal, real and business property, declaratory relief, injunctive relief, attorney fees, compensatory and punitive damages.

Defendant No. 7 (Former Jefferson County District Attorney Candace Werth)

1. Plaintiff alleges Defendant Werth failed to provide supervisory oversight for the Plaintiff's criminal case to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant failed to provide supervisory oversight of the Jefferson County District Attorney's Office to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the State of Colorado Parole Board. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the Jefferson County District Attorney's Office. Plaintiff alleges Defendant knew, or should have known about the fraud perpetrated on the Jefferson County District Court, Plaintiff and People of Colorado by former Jefferson County DA Candace Werth and criminal defense attorney Daniel Carr. Plaintiff alleges that Defendant failed to act or intervene in furtherance of a mutually agreed upon course of conduct to harm a qualified individual with a disability.

2. Defendant knew or should have known about Plaintiff's discrimination immediately after Plaintiff's Parole Board hearing in December 2019.

3. Defendant's actions have caused Plaintiff illegal incarceration, loss of property, lack of medical treatment and substantial emotional harm.

4. Defendant's actions in this matter violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 12101 et seq.

5. The supporting facts include Swedish Hospital Records, Power of Attorney, Broker Agreement and Discovery in Jefferson County District Court Case No. 2015CR978.

6. Plaintiff requests immediate release from CDOC, return of personal, real and business property, declaratory relief, injunctive relief, attorney fees, compensatory and punitive damages.

Defendant No. 8 (Criminal Defense Attorney Daniel Carr)

1. Plaintiff alleges Defendant Carr failed to provide a criminal defense for the Plaintiff to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant failed to provide supervisory oversight of the Jefferson County District Attorney's Office to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant knew, or should have known about Plaintiff's financial authority of Plaintiff's mothers assets to prevent discrimination by the State of Colorado Parole Board. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the Jefferson County District Attorney's Office. Plaintiff alleges Defendant knew, or should have known about the fraud perpetrated on the Jefferson County District Court, Plaintiff and People of Colorado by former Jefferson County DA Candace Werth and criminal defense attorney Daniel Carr. Plaintiff alleges that Defendant failed to act or intervene in furtherance of a mutually agreed upon course of conduct to harm a qualified individual with a disability.

2. Defendant knew or should have known about Plaintiff's discrimination immediately after Plaintiff's Parole Board hearing in December 2019.

3. Defendant's actions have caused Plaintiff illegal incarceration, loss of property, lack of medical treatment and substantial emotional harm.

4. Defendant's actions in this matter violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 12101 et seq.

5. The supporting facts include Swedish Hospital Records, Power of Attorney, Broker Agreement and Discovery in Jefferson County District Court Case No. 2015CR978.

6. Plaintiff requests immediate release from CDOC, return of personal, real and business property, declaratory relief, injunctive relief, attorney fees, compensatory and punitive damages.

Defendant No. 9 (Co-conspirator Sarah Gray Mervak)

1.  Plaintiff alleges Defendant Sarah Gray Mervak failed to provide supervisory oversight for the Parole Board to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant failed to provide supervisory oversight of the Jefferson County District Attorney's Office to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the State of Colorado Parole Board. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the Jefferson County District Attorney's Office. Plaintiff alleges Defendant knew, or should have known about the fraud perpetrated on the Jefferson County District Court, Plaintiff and People of Colorado by former Jefferson County DA Candace Werth and criminal defense attorney Daniel Carr. Plaintiff alleges that Defendant failed to act or intervene in furtherance of a mutually agreed upon course of conduct to harm a qualified individual with a disability.

2.  Defendant knew or should have known about Plaintiff's discrimination immediately after Plaintiff's Parole Board hearing in December 2019.

3.  Defendant's actions have caused Plaintiff illegal incarceration, loss of property, lack of medical treatment and substantial emotional harm.

4.  Defendant's actions in this matter violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 12101 et seq.

5.  The supporting facts include Swedish Hospital Records, Power of Attorney, Broker Agreement and Discovery in Jefferson County District Court Case No. 2015CR978.

6.  Plaintiff requests immediate release from CDOC, return of personal, real and business property, declaratory relief, injunctive relief, attorney fees, compensatory and punitive damages.

Defendant No. 10 (Co-conspirator Sidney Gray Kurtz)

1.  Plaintiff alleges Defendant Sidney Gray Kurtz failed to provide supervisory oversight for the Parole Board to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant failed to provide supervisory oversight of the Jefferson County District Attorney's Office to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the State of Colorado Parole Board. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the Jefferson County District Attorney's Office. Plaintiff alleges Defendant knew, or should have known about the fraud perpetrated on the Jefferson County District Court, Plaintiff and People of Colorado by former Jefferson County DA Candace Werth and criminal defense attorney Daniel Carr. Plaintiff alleges that Defendant failed to act or intervene in furtherance of a mutually agreed upon course of conduct to harm a qualified individual with a disability.

2.  Defendant knew or should have known about Plaintiff's discrimination immediately after Plaintiff's Parole Board hearing in December 2019.

3.  Defendant's actions have caused Plaintiff illegal incarceration, loss of property, lack of medical treatment and substantial emotional harm.

4.  Defendant's actions in this matter violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 12101 et seq.

5.  The supporting facts include Swedish Hospital Records, Power of Attorney, Broker Agreement and Discovery in Jefferson County District Court Case No. 2015CR978.

6.  Plaintiff requests immediate release from CDOC, return of personal, real and business property, declaratory relief, injunctive relief, attorney fees, compensatory and punitive damages.

Defendant No. 9 (Co-conspirator Timothy Kurtz)

1.  Plaintiff alleges Defendant Timothy Kurtz failed to provide supervisory oversight for the Parole Board to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant failed to provide supervisory oversight of the Jefferson County District Attorney's Office to prevent discrimination of a qualified individual with a disability. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the State of Colorado Parole Board. Plaintiff alleges Defendant knew, or should have known about Plaintiff's discrimination by the Jefferson County District Attorney's Office. Plaintiff alleges Defendant knew, or should have known about the fraud perpetrated on the Jefferson County District Court, Plaintiff and People of Colorado by former Jefferson County DA Candace Werth and criminal defense attorney Daniel Carr. Plaintiff alleges that Defendant failed to act or intervene in furtherance of a mutually agreed upon course of conduct to harm a qualified individual with a disability.

2.  Defendant knew or should have known about Plaintiff's discrimination immediately after Plaintiff's Parole Board hearing in December 2019.

3.  Defendant's actions have caused Plaintiff illegal incarceration, loss of property, lack of medical treatment and substantial emotional harm.

4.  Defendant's actions in this matter violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 12101 et seq.

5.  The supporting facts include Swedish Hospital Records, Power of Attorney, Broker Agreement and Discovery in Jefferson County District Court Case No. 2015CR978.

6.  Plaintiff requests immediate release from CDOC, return of personal, real and business property, declaratory relief, injunctive relief, attorney fees, compensatory and punitive damages.


E.       PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes  X  No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                    _____

Docket number and court:                   _____

Claims raised:                             _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?) _____

Reasons for dismissal, if dismissed:       _____

Result on appeal, if appealed:             _____


## F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

    X  Yes ___ No (*check one*)

Did you exhaust administrative remedies?

    X  Yes ___ No (*check one*)




## G.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

1. Immediate release from CDOC.

2. Return of all personal property.

3. Return of all business property.

4. Declaratory relief.

5. Injunctive relief.

6. Compensatory relief.

7. Punitive relief.

8. Attorney fees.

## H.   PLAINTIFF'S SIGNATURE

I, David Robert Gray II, declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct to the best of my knowledge. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's Signature)

3-24-2020
_____
(Date)

(Form Revised December 2017)

**LIST OF DEFENDANTS**

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

DAVID ROBERT GRAY II,          Plaintiff,

v.

STATE OF COLORADO          Governor and Jared S. Polis,

STATE OF COLORADO          Attorney General and Philip J. Weiser,

STATE OF COLORADO          Parole Board and Chairperson Kristen Hilkey,

STATE OF COLORADO          Parole Board and Member Denise Balazic,

STATE OF COLORADO          Parole Board and Member Brandon Mathews,

STATE OF COLORADO          Jefferson County District Attorney and Peter Weir

CANDACE WERTH              Former Jefferson County District Attorney and Co-conspirator,

DANIEL CARR                Criminal Defense Attorney and Co-Conspirator,

SARAH GRAY MERVAK          Co-conspirator,

SIDNEY-GRAY KURTZ         Co-conspirator,

TIMONTHY KURTZ            Co-conspirator,

Defendant(s).



US POSTAGE ≫ PITNEY BOWES

ZIP 80751 $ 002.20⁰
02 1W
0001365920 MAR 25 2020

LEGAL MAIL

GRAY, DAVID R.
CDOC No. 171740
SCF UNIT 22
PO Box 6000
STERLING, CO
80751

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
ALFRED A. ARRAJ COURTHOUSE
901 19 ᵀᴴ STREET - ROOM A105
DENVER, CO
80294-3589

COLORADO DEPARTMENT OF CORRECTIONS
STERLING CORRECTIONAL FACILITY
INMATE MAIL

LEGAL MAIL

LEGAL MAIL

Restricted Inspection Mail Stamp

SCF
_____
FACILITY

kennedy
_____
DOC EMPLOYEE LAST NAME

171748
_____
DOC#

GRAY
_____
OFFENDER LAST NAME

DATE REC'D
24151   VC
_____
ID#        INT

_____
INT